### SCHERING & GLATZ, Inc., et al. v. GREENBLATT.

#### Civil Action No. 4012.

District Court, D. New Jersey.

April 21, 1948.

Stryker, Tams & Horner, of Newark, N. J., for plaintiffs.

Charles A. Rooney, of Jersey City, N. J., for defendants.

SMITH, District Judge.

This is a civil action under the Trade-Mark Act of February 20, 1905, and particularly Section 19 thereof, 15 U.S.C.A. § 99. The plaintiffs William R. Warner & Co. Inc., and its predecessor Schering & Glatz, Inc., the owners of a valid trade-mark, charge the defendant with the infringement of the said trade-mark and unfair competition, and pray injunctive relief. The defendant disputes the validity of the trade-mark and denies infringement and unfair competition.

#### Findings of Fact.

I. This action was instituted by the plaintiff Schering & Glatz, Inc., originally the owner of the trade-marks in question. Thereafter, in December of 1946, the said plaintiff sold and conveyed all its right, title and interest in and to all of its assets, business, and good will to the plaintiff William R. Warner & Co., Inc. The plaintiff Schering & Glatz, Inc., transferred and assigned all its right, title and interest in and to its trade-marks, including the trade-marks in

question, to the defendant William R. Warner & Co., Inc. All reference hereinafter made to the "plaintiff" includes the present plaintiff William R. Warner & Co., Inc., and its predecessor.

II. The plaintiff is, and has been for approximately forty years, engaged in the manufacture, sale and distribution of hemorrhoidal suppositories which were sold and distributed in interstate commerce under the trade-name "Anusol Hemorrhoidal Suppositories."

III. This product is, and has been for approximately forty years, sold and distributed in a carton of suitable size, bearing a label of distinctive design and general appearance. Copies of the label are annexed hereto and made a part hereof. Appendix A. The trade-mark Anusol and the label in which it is incorporated have been used continuously by the plaintiff to identify "Anusol Hemorrhoidal Suppositories" as its product. The only changes in the label have been minor and have not affected its distinctive design and general appearance.

IV. The product and the trade-mark by which it is identified have been extensively advertised in the journals of the medical and pharmaceutical professions and in circulars which were widely distributed. The advertisements have featured not only the trade-mark Anusol, but also the package bearing the label to which reference is made in Paragraph III. It appears from the evidence that the advertising campaign, in which more than two million dollars were expended, has been continued for a period of approximately thirty years and has resulted in a sale of fourteen million cartons of the product.

V. The hemorrhoidal suppositories manufactured, sold and distributed by the plaintiff under the trade-mark "Anusol Hemorrhoidal . Suppositories" have become, and are, known as the product of the plaintiff's manufacture. The trade-mark Anusol and the label in which it is incorporated have become, and are, identified with hemorrhoidal suppositories of the plaintiff's manufacture. ·

VI. Pursuant to the provisions of the said Act, and particularly Sections 1 and 11 thereof, 15 U.S.C.A. §§ 81 and 91, an application for the registration of the trade-mark Anusol was duly filed in the United States Patent Office,° and a certificate of registration, No. 269752, was issued thereon on April 15, 1930.

VII. Pursuant to the provisions of the said Act, and particularly 15 U.S.C.A. §§ 81 and 91, an application for the registration of a trade-mark, distinctive in design and appearance, was duly filed in the United States Patent Office, and a certificate of registration, No. 404387, was issued thereon on November 23, 1943. The application was directed to a label of distinctive design which had been used continuously by the applicant and its predecessor for more than forty years. Appendix B.

VIII. The defendant is, and has been, engaged in the manufacture, sale and distribution of hemorrhoidal suppositories which are, and have been, sold and distributed under the trade-name "Atusol Suppositories for Hemorrhoids." This product is, and has been, sold and distributed in a carton of suitable size, similar to the carton used by the plaintiff, bearing a label which is a colorable imitation of the trade-mark of the plaintiff. A copy of the label is annexed hereto. Appendix C. The similarity and general appearance is such as would confuse or deceive the ordinarily prudent purchaser. The similarity, however, is not confined to the general appearance of the labels; the name Atusol is similar to the trade-mark Anusol, and is obviously an infringement thereof.

IX. The defendant is, and has been, engaged in the sale and distribution of hemorrhoidal suppositories which are, and have been, sold and distributed under other trade-names, to wit, "Cerinol Suppositories for Hemorrhoids," "Sanol Suppositories for Hemorrhoids," and "Scienol Suppositories for Hemorrhoids." This product is, and has been, sold and distributed in a carton of suitable size, similar to the carton used by the plaintiff, bearing a label which is a colorable imitation of the label of the plaintiff. Copies of the labels are annexed hereto. Appendix C. There is otherwise no infringement in the trade-mark of the plaintiff. The names Cerinol, Sanol and Scienol

are distinctive in character, but when incorporated in a label similar in design and general appearance to the label of the plaintiff, are confusing and deceptive. The use of these names on such a label is an infringement of the trade-mark of the plaintiff.

X. The product of the defendant is sold and distributed in competition with the product of the plaintiff. The infringement by the defendant of the trade-marks of the plaintiff constitutes unfair competition.

### Conclusions

I. The trade-mark Anusol, used by the plaintiff to identify hemorrhoidal suppositories of its manufacture, is a valid trade-mark of which the plaintiff is the exclusive owner.

II. The distinctive label, adopted by the plaintiff to identify hemorrhoidal suppositories of its manufacture, is a valid trade-mark of which the plaintiff is the exclusive owner.

III. The name Atusol, used by the defendant to identify hemorrhoidal suppositories of his manufacture, is a colorable imitation and an infringement of the trade-mark Anusol, of which the plaintiff is the exclusive owner. The use thereof by the defendant in competition with the plaintiff constitutes unfair competition.

IV. The labels used by the defendant to identify hemorrhoidal suppositories of his manufacture, hereinabove referred to in Paragraph IX, are colorable imitations and infringements of the trade-mark of the plaintiff when used in the manner hereinabove described. The use thereof by defendant in competition with the plaintiff constitutes unfair competition.

V. The affirmative defenses interposed by the defendant are without merit and will, therefore, be dismissed.

VI. The plaintiff is entitled to injunctive relief in accordance with the prayer of the complaint. The plaintiff's asserted claim for profits, having been abandoned, will be dismissed.

### APPENDIX A

450

## APPENDIX A

## APPENDIX B

APPENDIX C

FORMULA—Instrain Nutgalls, Zinc Oxide, Ethyl Amino Benzoate in Cocoa Butter Base

FORMULA:— Instrain Nutgalls, Zinc Oxide, Ethyl Amino Benzoate in Cocoa Butter Base.

FORMULA— Instrain Nutgalls, Zinc Oxide Ethyl Amino Benzoate in Cocoa Butter Base

FORMULA—Instrain Nutgalls, Zinc Oxide, Ethyl Amino Benzoate in Cocoa Butter Base